UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALBERT DEAN DADY,<br><br>        Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | Case No. 1:10-cv-00478-BLW<br>               1:09-cr-00080-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is a Petition (Dkt. 1) to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, by Defendant/Petitioner Albert Dean Dady. The government opposes and has moved to dismiss Barron's Petition (Dkt. 6). The deadline for Petitioner to respond has long passed, and the Court has received no response or reply from Petitioner in this matter. Being familiar with the record and having considered the briefing, the Court will deny Barron's Petition under § 2255, and grant the government's Motion to Dismiss, as follows.

## BACKGROUND

Petitioner was indicted and charged with Aggravated Abuse of a Child Under the Age of Twelve (Dkt. 1 in criminal case).[1] The government l filed a Superseding Information charging Petitioner with Interstate Transportation of a Minor with Intent to Engage in Unlawful Sexual Conduct (Dkt. 10). Petitioner waived his right to indictment

---

[1] Throughout the Background section only, citations to the Court Docket shall refer to entries in petitioner's criminal case, No. 1:09-cr-00080-BLW, unless otherwise identified.

and pleaded guilty to this latter charge. *See* Dkts. 17, 21. United States Magistrate Judge Ronald Bush presided over Petitioner's change of plea hearing, and filed a Report and Recommendation (Dkt. 22). This Court adopted the Report and Recommendation on June 9, 2009 (Dkt. 23).[2] The parties filed a Joint Sentencing Stipulation (Dkt. 31), pursuant to which the Court sentenced Petitioner to 168 months imprisonment (Dkt. 32). Judgment was entered October 13, 2009 (Dkt. 33). Petitioner did not appeal to the Ninth Circuit.

In Petitioner's motion under 28 U.S.C. § 2255, now before the Court, he alleges violation of his Fifth Amendment rights by the Garden City Police, violation of his Fourteenth Amendment due process rights due to actions of police and counsel, and ineffective assistance of counsel due to counsel's (1) failure to move to suppress Petitioner's confession, (2) misrepresentation of the joint sentencing stipulation, and (3) refusal to clear up an error in the Magistrate Judge's Report and Recommendation.

## LEGAL STANDARD

A prisoner asserting the right to be released "may move the court which imposed the sentence to vacate, set aside or correct the sentence" under 28 U.S.C. § 2255(a). Section 2255 provides four grounds that justify relief for a federal prisoner who challenges the fact or length of his detention: (1) whether "the sentence was imposed in violation of the constitution or laws of the United States"; (2) whether the court was

---

[2] As noted in the Petition and discussed in the Government's Motion, the Report and Recommendation references plea to the charge for which Petitioner was initially indicted, rather than the charge to which he pleaded guilty; this Court adopted the Magistrate Judge's Report and Recommendation as written. However, Petitioner does not allege, nor does the record support, that the error resulted in an improper sentence or otherwise affected Petitioner's sentence in any way.

without jurisdiction to impose such sentence; (3) whether the sentence was "in excess of the maximum authorized by law"; or (4) whether the sentence is "otherwise subject to collateral attack." *See Hill v. United States*, 368 U.S. 424, 428 (1962). Despite this seemingly broad language, "the range of claims which may be raised in a § 2255 motion is narrow." *United States v. Wilcox*, 640 F.2d 970, 972 (9th Cir. 1981).

The Court recognizes that a response from the government and a prompt hearing are required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . .." 28 U.S.C. § 2255(b). Further, a hearing must be granted unless the movant's allegations, "when viewed against the record, either fail to state a claim for relief or are 'so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984), *cert. denied*, 470 U.S. 1058 (1985) (citations omitted); *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985). However, where a petitioner's allegations, "viewed against the record, do not state a claim for relief," the Court may deny an evidentiary hearing. *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003)(quotation omitted). A district court may summarily dismiss a § 2255 motion "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . .." Rule 4(b), Rules Governing § 2255 Proceedings in the United States District Court.

To withstand summary dismissal of a motion for relief under § 2255, a defendant "must make specific factual allegations which, if true, would entitle him to relief on his

claim." *United States v. Keller*, 902 F.2d 1391, 1395 (9th Cir. 1990). Conclusory statements, without more, are insufficient to require a hearing. *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

## ANALYSIS

As discussed below, the Court finds that Petitioner has failed to raise allegations sufficient to warrant a hearing on issues before it. Thus, the Court will consider the matter based on the record and pleadings before it.

**1.      Waiver of Right to Petition Under § 2255**

The government moves to dismiss Petitioner's petition, arguing that, under the terms of Petitioner's plea agreement, his petition is waived. In the plea agreement, Petitioner waived any right to appeal or collaterally attack his conviction or sentence, and agreed that any appeal or collateral attack – whether under § 2255 or otherwise – would be dismissed by virtue of the waiver. *Plea Agreement*, Dkt. 17 in criminal case at 12.

"[P]ublic policy strongly supports plea agreements," including those waiving the right to appeal. *United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990). "[P]erhaps the most important benefit of plea bargaining[ ] is the finality that results." *Id.* at 322. However, "waiver of the right to appeal would not prevent an appeal where the sentence imposed is not in accordance with the negotiated agreement." *Id.* at 321. Also, the Ninth Circuit has held that "a plea agreement that waives the right to file a federal habeas petition . . . is unenforceable with respect to an [ineffective assistance of counsel] claim that challenges the voluntariness of the waiver." *Washington v. Lampert*, 422 F.3d

864, 870 (9th Cir. 2005)(quoting *United States v. Jeronimo*, 398 F.3d 1149, 1156 n. 4 (9th Cir. 2005)). This is consistent with holdings in other circuits. *Lampert*, 422 F.2d at 870-71(citations omitted); *see e.g. Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999).

In his motion under § 2255, Petitioner raises an ineffective assistance of counsel claim. However, he does not explicitly challenge the voluntariness of the waiver in his plea agreement (Dkt. 17). Rather, Petitioner argues that counsel misrepresented that the government would drop its objection to the Pre-Sentence Investigation Report if Petitioner agreed to sign the Joint Sentencing Stipulation (Dkt. 31), when in fact, the prosecution had already dropped its objection. The Joint Sentencing Stipulation includes no waiver of rights to appeal or petition under § 2255, thus the voluntariness of his consent to the Stipulation is immaterial. *Lampert*, 422 F.2d at 870.

Petitioner also argues that counsel was ineffective in advising that a motion to suppress Petitioner's confession "would hurt us more than help us." *Petition*, Dkt. 1 at 4. Notably, Petitioner has not identified any impropriety in counsel's actions in so advising Petitioner. Moreover, under *Lampert*, Petitioner's argument does not amount to a challenge to the validity of his waiver.

Finally, Petitioner contends that counsel was ineffective in refusing to clear up an error in the Magistrate Judge's Report and Recommendation. Apart from the fact that Petitioner has shown no prejudice from the error, counsel's alleged inaction has no bearing on the voluntariness of Petitioner's waiver. The remainder of Petitioner's claims

allege violations of his rights under the Fifth and Fourteenth Amendments. Because none of Petitioner's claims go to the voluntariness of the waiver of his right to appeal or petition under § 2255, the Court will grant the government's motion to dismiss.

## 2. Procedural Default

Even if Petitioner had not waived his right to petition under § 2255, the Government argues that – at least with respect to the constitutional challenges – Petitioner's claims are procedurally defaulted. Although claims of ineffective assistance of counsel may be raised under § 2255, the Supreme Court has said that collateral attack through "[h]abeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" *Reed v. Farley*, 512 U.S. 339, 354, (1994)(quotation omitted); *see also United States v. Wilcox*, 640 F.2d 970, 973 (9th Cir. 1981)("Errors of law which might require reversal of a conviction or sentence on appeal do not necessarily provide a basis for relief under § 2255"). "[T]he concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas." *United States v. Timmreck*, 441 U.S. 780, 784 (1979).

Where a defendant fails to raise claims on direct review, those claims are procedurally defaulted unless he can demonstrate cause for and prejudice from the procedural default, or actual innocence. *United States v. Ratigan*, 351 F.3d 957, 962 (2003)(citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). Petitioner here did not file a direct appeal after his sentencing, and has neither challenged the Government's assertion of procedural default, nor argued actual innocence. Thus, regardless of his

undisputed waiver of rights under § 2255 (Dkt. 17), Petitioner's constitutional claims are procedurally defaulted, and are dismissed accordingly.

### 3. Government's Remaining Arguments

Although the Government has raised additional bases for dismissal, the Court finds that the grounds already addressed more than adequately support the Government's motion. Thus, the remaining arguments need not be considered. For the above stated reasons, the Government's motion will be granted, and the petition under § 2255 dismissed.

## ORDER

**IT IS ORDERED THAT:**

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Dkt. 1) under § 2255 is DENIED, and this matter is DISMISSED in its ENTIRETY.

2. The Government's Motion to Dismiss the Petition (Dkt. 6) is GRANTED.

3. Judgment shall be entered separately.

DATED: April 23, 2012

B. Lynn Winmill
Chief Judge
United States District Court